UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| MELISSA J. CROTEAU, on behalf of herself, and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 2:03-CV-257-PS |
| vs. | ) ) ) | |
| PATRICIA L. DEARING and JAMES GALLOWAY, | ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This cause came before the Court for final approval of the Class Action Settlement Agreement and for Dismissal of this action pursuant to the terms of the Class Action Settlement Agreement, due notice having been given, and the court being fully advised in the premises,

THE COURT HEREBY FINDS THAT:

1. The parties have entered into a Class Action Settlement Agreement ("Agreement").

2. The Agreement was submitted to the Court for approval pursuant to Fed. R. Civ. P. 23 on March 23, 2005.

3. This Court granted preliminary approval on April 19, 2005.  Pursuant to the Agreement, within fifteen (15) days from the entry of the preliminary approval order, notice was given to the members of the Class by first class mail which permitted the provision of address correction information by the Postal Service.

4. No objections were received and no members of the Class sought leave of this Court to intervene.

5. Melissa Croteau filed this class action lawsuit against the Defendants in the United

1

States District Court for the Northern District of Indiana, Hammond Division, Case Number 2:03-CV-257PS ("Court Action").  Croteau's Complaint in the Court Action alleged that the Defendants violated the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") by using a dunning letter which did not provide plaintiff with an accurate statement as to the amount of debt which Defendants' were attempting to collect in their initial communication to Croteau, or to provide the amount within five (5) days thereafter as required by 1692g.   The Defendants have denied any violation of the FDCPA.

6. The Defendants have denied any wrongdoing with respect to these allegations. Nevertheless, Defendants consider it desirable that the action and the claims alleged therein be settled upon the terms and conditions set forth in the Agreement, in order to avoid further expense and burdensome, protracted litigation, and to put to rest all claims that have been asserted by the Plaintiff and the class.

7. The Complaint sought recovery of statutory damages pursuant to 15 U.S.C. § 1692k. Defendants have stipulated to pay statutory damages to the Class in the amount of $2,000.  8.

The Agreement calls for the payment of $2,000 to the class, which will be distributed equally to the class members: (i) who do not opt out of the class settlement; and (ii) whose Notice Of Class Action Settlement is not returned as undeliverable ("participating class member").  In addition to the class recovery, Defendants have also agreed to pay Croteau $1,750 for statutory damages and for her service as class representative and $3.25 per identified class member for the costs and administration associated with giving notice of the settlement to the class members, tracking claim forms and cutting checks to class members.   The aggregate amount of this Agreement shall not exceed $19,088.  The Court finds these amounts to be fair, adequate and reasonable for the following reasons, among others:

      a. The individual Plaintiff and the Class are not guaranteed to be successful at a trial on the merits in this matter;

      b.  Defendants have represented that they have ceased using the practices complained of and the form letter at issue; and

      c.  The settlement amount of $2,000 equals or exceeds the maximum amount of statutory damages available under 15 U.S.C. § 1692k.

9.    The Court finds the settlement negotiations were conducted at arms-length and in good faith among all counsel and that the terms of the Agreement are fair, reasonable and adequate to Plaintiff and all members of the Class.  In addition to the other facts stated herein, the Court finds the Agreement to be particularly fair, adequate and reasonable in light of the risk and the expense of further litigation.

10.    Defendants shall pay $2,000 which shall be distributed to the participating class members on a *pro rata* basis.  Each participating class member shall receive payment by check which shall be void 60 days after issuance.  In the event that a participating class member entitled to a check is deceased, or there are multiple obligers on an account, Class Counsel shall send or cause to be sent, a check to the person(s) reasonably believed to be the person(s) entitled thereto, and the release in ¶ 15 of the Settlement Agreement shall be effective as to such class member, notwithstanding any failure to comply with laws relating to probate and/or marital property.

11.    In addition to the class recovery, Defendants will pay $1,750 to Croteau for statutory damages and for her service as class representative and $3.25 per identified class member for the costs and the administration associated with giving notice of the settlement to the class members, tracking claim forms and cutting checks to class members in the total amount of $338.

12.    The Settlement Agreement calls for payment of $15,000 to Class Counsel for

attorneys' fees and costs.

13. The Settlement Amount shall be distributed as set forth in the Agreement.

IT IS HEREBY ORDERED THAT:

1. The Settlement Agreement dated as of March 23, 2005 is hereby approved.

2. Plaintiff and each class member not opting out shall, as of the effective date, be deemed to have released and forever discharged Defendants, their heirs, administrators, executors, shareholders, directors, officers, partners, employees, representatives, agents, attorneys, successors and assigns from all causes of action, suits, claims, and demands, including any indemnity claims for payment of attorney's fees and costs, whatsoever, at law or in equity, known or unknown, which Plaintiff and each class member may now have or may have ever had against Defendants arising out of or relating to the claims that were asserted in the Court Action or could have been asserted or alleged in the Court Action and this lawsuit against the Defendants by the Plaintiff and each class member.

3. This action is hereby dismissed *with prejudice*.

4. This Court shall retain jurisdiction over any disputes regarding the settlement in this matter for a period of 90 days hereafter.

**SO ORDERED.**

ENTERED: June 29, 2005

                                              s/ Philip P. Simon
                                              PHILIP P. SIMON, JUDGE
                                              UNITED STATES DISTRICT COURT